IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC HOLT,<br><br>           Plaintiff,<br>v.<br><br>ALLIED WASTE TRANSPORTATION,<br>INC. d/b/a REPUBLIC SERVICES,<br><br>           Defendant. | No.  3:23-cv-00359-DWD |

## STIPULATED PROTECTIVE ORDER

**DUGAN, District Judge:**

By Joint Motion dated April 21, 2023, the parties, Plaintiff Eric Holt and Defendant Allied Waste Transportation, Inc. d/b/a Republic Services, seek the entry of a Stipulated Protective Order (Doc. 21).  Upon review of the Motion and the parties' proposed agreed order, and for good cause shown, the Joint Motion (Doc. 21) is **GRANTED**.  Pursuant to Federal Rule of Civil Procedure 26, the Court hereby enters the following protective order as agreed upon by the parties to protect confidential business or private information related to this litigation, and **ORDERS** as follows:

1. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, documents identified and produced with initial disclosures, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either in response to discovery requests or to subpoenas in this litigation by any party or non-party (hereafter, collectively, "Discovery Materials"), may be

designated by a producing party or non-party as "Confidential" under this Protective Order.

2. "Confidential Information" shall include any Discovery Materials which the producing party or non-party reasonably believes are or contain bona fide trade secrets under Illinois law, private medical or other health records, private personnel records of non-parties, and confidential business information. For absence of doubt, Confidential Information does not include such materials as human resources policies and procedures.

3. Any Discovery Materials that are to be designated "Confidential" (a) may be so designated by the producing party or non-party by providing copies of the Discovery Materials so designated that are stamped with the legend "CONFIDENTIAL" or (b) by Order of the Court on motion of any party or non-party or on its own initiative. Discovery Materials produced and designated as Confidential prior to the entry of this Order shall also be covered by this Order upon its entry.

4. Inadvertent production of or failure to designate any information as Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential as appropriate or move the Court for such treatment. The receiving party must treat such information as Confidential from the date designation is received. Disclosure, prior to the receipt of designation, of such information to persons not authorized to receive Confidential Information shall not be deemed a violation of this Order.

5. If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney/client privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party. The return of the document and/or information to the producing party shall not preclude the receiving party from later moving the court to compel production of the returned documents and/or information.

6. "Confidential Information" shall be used solely for the purposes of this case between these parties and not for any competitive, business, or other purpose. "Confidential Information" obtained per discovery in this case shall not be used in any other litigation, arbitration, mediation, or other proceeding of any type. Any case which has been combined with this action for purposes of discovery shall not be considered a separate action or other litigation, such that its use is precluded in such action.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

8. "Confidential Information" may be disclosed only to the following persons:

   a. the Court;

   b. counsel for a party;

   c. associated personnel of any person within categories (a) through (b) for whom access to Confidential Information is necessary to assist such persons in the action, including any Court personnel assisting the Court, litigation assistants, paralegals, secretarial or other clerical personnel, stenographers or other persons involved in taking or transcribing testimony in this action, and principals and employees of the firm with which consultants or experts are associated;

   d. the named parties to the action;

   e. consultants, experts, or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in this action;

   f. witnesses being deposed;

   g. any mediator agreed to by the parties; and

   h. any individual not listed herein, but agreed to by the parties or permitted by the Court upon the motion of a party.

9. Notwithstanding the provisions in paragraph 8 above, "Confidential Information" may be disclosed to any employee or agent of the party or non-party producing such information.

10. "Confidential Information" shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this case. All such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies of Confidential Information are made does not reproduce the "CONFIDENTIAL" stamp appearing on the original, all copies shall be stamped with a "CONFIDENTIAL" designation. All copies of "Confidential

4

Information" shall be kept under the control of persons(s) described in paragraphs 8(a) through (h) above to whom the same is produced. No information obtained under this Order shall be added to any electronic database for any other purpose other than (a) the manipulation of data for this action; or (b) the creation of a duplicate electronic image of the documents, subject to the restrictions applicable to photocopies described in this paragraph.

11.     Persons described in paragraph 8(b) through (d) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court. A party disclosing "Confidential Information" to a person described in paragraph 8(e) through (h) must advise the recipient that the information is "Confidential Information" and may only be used in connection with this action. Persons described in paragraphs 8(b) through (d) should advise their associated personnel of this Order and the terms of the above stated agreement prior to providing their associated personnel access to "Confidential Information."

12.     Counsel for a party may disclose "Confidential Information" to any actual or potential witness not otherwise identified above as an approved recipient of such information, provided counsel has obtained consent of counsel for the party or non-party who produced such information. However, this consent is not required if (i) the person is an author or recipient of the "Confidential Information," or (ii) the person is a former employee of the producing party or non-party and is known with certainty to have prior knowledge by virtue of employment with the producing party or non-party of the specific "Confidential Information" to be disclosed.

13. If the receiving party disagrees with the designation by the producing party or non-party of any Discovery Materials as "Confidential Information," then the parties to the dispute will attempt to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as "Confidential Information" pending resolution of the parties' dispute. If the dispute cannot be resolved informally within five (5) days of notice of the dispute being given, the producing party or non-party shall bear the burden of persuading the Court that the information is in fact "Confidential Information" within the definition(s) of those term(s) set forth above and is entitled to the protections associated therewith consistent with the intent of this Order. Furthermore, the producing party or non-party shall bear the burden of filing an appropriate motion with the Court to maintain the confidentiality designation of the materials. Failure to file such a motion within fourteen (14) days of notice of the dispute shall constitute a waiver by the producing party or non-party of the confidentiality designation.

14. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material, or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material, or piece of information; (iii) to object to any

6

discovery request, including the right to assert that no discovery should be had of certain documents or information; or (iv) to seek documents or other information from any source.

15. Any deposition testimony concerning a "Confidential Information" document produced by a non-party shall be marked by a court reporter as "Confidential" on the deposition transcript. It shall be the burden of the party seeking to maintain the confidentiality of the deposition transcript to ensure that it is appropriately marked by the court reporter, and failure to do so will be deemed a waiver of any designation of confidentiality under this Order.

16. If any party has obtained "Confidential Information" under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such "Confidential Information," such party shall notify the producing party or non-party within five (5) business days. The subpoenaed party shall notify counsel of record in this case. The subpoenaed party shall not produce any "Confidential Information" in response to the subpoena without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction. The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such "Confidential Information" for the sole purpose of seeking to prevent or restrict disclosure thereof.

17. Upon final conclusion of this litigation, to include any appeals, anyone possessing "Confidential Information" shall make all reasonable efforts to destroy all

documents, images or other media containing "Confidential Information," and all duplicates thereof, except that counsel for a party may retain one (1) copy of the records produced pursuant to this Protective Order, which copy shall be maintained in counsel's files and which documents shall continue to be subject to the terms of this Protective Order.  Should a party request his/her/its file from counsel, any material produced pursuant to and subject to this Protective Order shall be returned to the producing party or destroyed prior to the release of such file to the requesting party.

18.   This Order shall not affect the right of any party or non-party to oppose production of Discovery Materials on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege.  Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Materials or to seek modifications of or relief from any provision of this Order upon due notice to all other parties and affected non-parties.

**19.   The Court shall not be bound by the terms of this Order, and it retains the right to allow the disclosure of any subject covered by this Order or to modify this Order at any time as may be necessary in the interests of justice.**

**SO ORDERED**.

Dated: May 10, 2023 /s/ David W. Dugan
DAVID W. DUGAN
United States District Judge