## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC HOLT,

                Plaintiff,

vs.                          Case No. 23-cv-359-DWD

ALLIED WASTE TRANSPORTATION
INC., d/b/a ALLIED WASTE
SERVICES OF EDWARDSVILLE/
REPUBLIC SERVICES OF
EDWARDSVILLE,

                Defendant.

### ORDER

**DUGAN, District Judge:**

Now before the Court is Plaintiff Eric Holt's Motion for Leave to File First Amended Complaint (Doc. 23). Defendant Allied Waste Transportation, Inc. opposes the Motion (Doc. 24). For the reasons detailed below, Plaintiff's Motion will be denied, albeit without prejudice.

### Discussion

On December 21, 2022, Plaintiff filed his one-count complaint for retaliatory discharge against Defendant in the Third Judicial Circuit Court of Madison County, Illinois (Doc. 1-2). Plaintiff alleges that he was discharged from his employment with Defendant for exercising his rights under the Illinois Workers' Compensation Act (Doc. 1-2). On February 2, 2023, Defendant removed this case to this Court based on this Court's diversity jurisdiction (Doc. 1). On March 1, 2023, the Court entered an order adopting the parties' Joint Report and Proposed Scheduling and Discovery Order (Doc.

1

16). The parties' Joint Report set a deadline of April 4, 2023 for filing motions to amend pleadings (Doc. 16-1, ¶ 5).

On September 13, 2023, and after the April 4, 2023 deadline for filing motions to amend pleadings, Plaintiff filed his Motion for Leave to Amend (Doc. 23). By this Motion, Plaintiff seeks to add an additional count for fraud related to statements Defendant's human resources director made to Plaintiff concerning his workers' compensation claim, allegedly to induce Plaintiff to stop coming to work (Doc. 23-1). Plaintiff asserts that adding this count will not prejudice Defendant or cause undue delay (Doc. 23).

Defendant opposes Plaintiff's Motion for Leave, arguing that Plaintiff failed to show good cause for his delay in filing the amendment (Doc. 24). Defendant further argues that Plaintiff's new allegations are derived from information that was solely in Plaintiff's possession and thus was not obtained by discovery in this matter (*Id.*). Finally, Defendant argues that it will suffer prejudice from this delay because Defendant will need to incur additional discovery costs by issuing additional written discovery and re-deposing Plaintiff on these new allegations (*Id.*).

Fed. R. Civ. P. 15(a)(2) provides that leave to amend a complaint should be freely given when justice so requires. In assessing an untimely motion for leave to amend, the Court must consider whether the amendment is the result of undue delay, bad faith, or dilatory motive, or whether the amendment would unduly prejudice the opposing side. *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). Here, the Court discerns no apparent undue delay, bad faith, or dilatory motive from Plaintiff's Motion. Further, the

discovery deadline in this matter is not set until March 28, 2024 (Doc. 16), thus, any alleged prejudice to Defendant can likely be easily cured.

Nevertheless, regardless of the Rule 15(a) standard, a plaintiff seeking leave to amend after the expiration of a scheduling order deadline, must additionally show good cause for their non-compliance with that deadline under Fed. R. Civ. P. 16(b). *CMFG Life Ins. Co. v. RBS Sec., Inc.*, 799 F.3d 729, 749 (7th Cir. 2015); *Spano v. The Boeing Co.*, No. 306CV-00743-DRH-DGW, 2007 WL 4390366, at n.2 (S.D. Ill. Dec. 14, 2007) ("If the court considered only Rule 15(a) without regard to Rule 16(b), it would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (internal markings and citations omitted).   The primary consideration for "good cause" is "the diligence of the party seeking amendment." *Id.* (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)).   Here, Plaintiff's counsel agreed to the entry of an April 4, 2023 deadline to amend his complaint, and the Court subsequently entered an order setting that deadline (Doc. 16).   Plaintiff has offered no explanation for his five-month delay in seeking leave to amend, and his one-page motion does not articulate any basis to infer "good cause" within the meaning of Rule 16(b). Accordingly, Plaintiff has not shown the required cause for filing his Motion, and his Motion for Leave (Doc. 23) is **DENIED, without prejudice**.

    **SO ORDERED.**

    Dated: October 5, 2023

                              /s/ David W. Dugan
                              DAVID W. DUGAN
                              United States District Judge